**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:06CV-P610-H**

**FERNANDO ULYESSE FOWLER**                                                    **PLAINTIFF**

**v.**

**TOM CAMPBELL *et al.***                                                            **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss Plaintiff's official capacity, Fifth Amendment and injunctive relief claims, but will allow the remainder of the claims to proceed for further development.

**I.**

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections, ("Metro Corrections"), alleges that on or about August 23, 2006, after being "booked in jail . . . five or six officers entered my cell and began beating me, spitting, choking, pepper spraying me and call me racial names such as Nigger, hound dog, Porch Monkey." As a result, Plaintiff claims he received a cut over his left eye that required several stitches and lost one of his teeth. As a result, Plaintiff has sued Director Tom Campbell and the John Doe Officers in both their official and individual capacities alleging violations of his Fourth, Fifth, and Fourteenth Amendment rights. As relief, Plaintiff is seeking $5 million in compensatory damages, another $5 million dollars in punitive damages, and an order requiring the jail to stop violating his constitutional rights.

**II.**

Under 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III.**

**A.     Official Capacity Claims**

Plaintiff sues Defendants in their official capacities. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of Metro Corrections in their official capacities are actually brought against the Louisville Metro government. *See Matthews v. Jones*, 35 F.3d 1046,

1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120, (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "The touchstone of official policy is designed to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403-04 (1997). For purpose of initial review, it suffices to allege that an individual officer's conduct conformed to official policy or custom. *Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993).

Here, there are no allegations from which the Court may infer that a municipal policy or custom was responsible for the alleged deprivations of Plaintiff's constitutional rights. The complaint simply does not support a § 1983 claim against Defendants in their official capacities. Thus, the Court will dismiss Plaintiff's official capacity claims.

B.  **Fifth Amendment Claims**

The Fifth Amendment of the United States Constitution, which is part of the Bill of Rights, provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. CONST., amend. V.

Plaintiff fails to explain how the Fifth Amendment applies to his claims. Based on the facts as alleged by Plaintiff, the Court does not believe that Plaintiff has a cognizable Fifth Amendment claim against Defendants in this instance. Specifically, the Court notes that to the extent that Plaintiff is attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government. *See, e.g.*, *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977). Here, the actions of state, not federal, officials are at issue, and the Court will dismiss the Fifth Amendment claims.

C.  **Injunctive Relief Claims**

Plaintiff states that he wants injunctive relief in the form of an order requiring the jail to stop violating his constitutional rights. However, he does not allege any continuing violations in his complaint. All of his allegations relate to the isolated August 2006 incident. Accordingly, the Court must dismiss his claims for injunctive relief for failure to state a claim.

D.  **Remaining Claims**

Plaintiff's Fourth and Fourteenth Amendment excessive force and cruel and unusual punishment claims will continue against all Defendants in their individual capacities. The Court will

enter a separate Scheduling Order governing the remaining claims.  In permitting the remaining claims to go forward, the Court passes no judgment on the ultimate outcome of this action.

The Court will enter Orders consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney
4412.008